Alex Chan (SBN 278805)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (646) 331-0604
Facsimile: (302) 353-4251

Paul Richter (admitted *pro hac vice*)
prichter@devlinlawfirm.com
Christopher Clayton (admitted *pro hac vice*)
cclayton@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Attorneys for Plaintiff
*Bell Semiconductor, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BELL SEMICONDUCTOR, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NXP USA, INC.; ADVANTECH CO., LTD; ADVANTECH CORPORATION; ARROW ELECTRONICS, INC.; AND AVNET, INC. <br><br> Defendants. | Case No. 8:22-CV-2133-HDV (ADSx) <br><br> **PLAINTIFF BELL SEMICONDUCTOR, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> JURY TRIAL DEMANDED <br><br> Judge: Hon. Hernán D. Vera <br> Date: January 25, 2024 <br> Time: 10:00 am <br> Courtroom: 5B |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1
II. STATEMENT OF FACTS .................................................................................. 1
III. LEGAL STANDARDS ....................................................................................... 3
IV. ARGUMENT ....................................................................................................... 4
    A. The Factors Typically Considered Weigh Against a Stay .................... 4
        1. The Stage of Litigation Weighs Against a Stay ......................... 4
        2. The Requested Stay Will Not Simplify Issues for Trial ............. 5
        3. A Stay Would Unduly Prejudice Bell Semic ............................. 7
    B. The Totality of Circumstances Weigh Against a Stay .......................... 8
V. CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ancora Techs., Inc. v. TCT Mobile United States, Inc.*,
   No. SACV 19-2192-GW-ADSx,
   2020 U.S. Dist. LEXIS 272813 (C.D. Cal. Nov. 12, 2020) ......................... 1, 4, 5

*CAO Lighting, Inc. v Signify N. Am. Corp.*,
   No. CV 21-08972-AB (SP),
   2022 WL 20563918 (C.D. Cal. Dec. 21, 2022) ...................................................... 4

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
   No. C 06-04206 WHA,
   2007 U.S. Dist. LEXIS 28994 (N.D. Cal. Apr. 5, 2007) ....................................... 5

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
   No. C 06-04206 WHA,
   2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ........................................................ 9

*Cypress Semiconductor Corp. v. GSI Tech, Inc.*,
   No. CV 13-2013 JST,
   2014 U.S. Dist. LEXIS 142858 (N.D. Cal. Oct. 7, 2014) ..................................... 7

*Document Security Systems, Inc. v. Nichia Corp.*,
   No. CV 19-08172 JVS (JEMx),
   2020 WL 4529613 (C.D. Cal. June 15, 2020) ...................................................... 6

*e.Digital Corp. v. Dropcam, Inc.*,
   No. 14-cv-04922-JST,
   2016 U.S. Dist. LEXIS 20609 (N.D. Cal. Feb. 18, 2016) ..................................... 7

*Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc.*,
   No. SA CV 18-2043-DOC (ADSx),
   2020 U.S. Dist. LEXIS 80901 (C.D. Cal. Jan. 13, 2020) ................................. 7, 8

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ............................................................................ 3

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*
   No. 5:13-CV-04206-EJD,
   2014 U.S. Dist. LEXIS 81090 (N.D.Cal. June 11, 2014) ..................................... 8

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
   No. 16-00300,
   2016 U.S. Dist. LEXIS 186795 (C.D. Cal. Nov. 17, 2016) ....................... 3, 4, 5, 6

*Robert Bosch Healthcare Sys. v. Cardiocom, LLC*,
   No. 14-1575,
   2014 U.S. Dist. LEXIS 92792 (N.D. Cal. July 3, 2014) ....................................... 3

*Speir Techs. Ltd. v. Apple, Inc.*,
   No. 5:23-cv-00095-EJD,
   2023 WL 2714931 (N.D. Cal. Mar. 30, 2023) .................................................. 6, 7

*TeleSign Corp. v. Twilio,Inc.,*
  Nos. 15-cv-3240-PSG (SSx), 16-cv-2106-PSG (SSx),
  2017 WL 11517650 (C.D. Cal. May 16, 2017)..............................................4, 7

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013).....................................................3, 4, 7, 8

*Viskase Corp. v. Am. Nat'l Can Co.*,
  261 F.3d 1316 (Fed. Cir. 2001) ..........................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Bell Semiconductor, LLC ("Bell Semic" or "Plaintiff") submits this brief in Opposition to the Motion to Stay Pending *Inter Partes* Review (Dkt. 91) filed by Defendants NXP USA, INC., Advantech Co., LTD, Advantech Corporation, Arrow Electronics, Inc., and Avnet, Inc.'s (collectively, "Defendants") in view of the recently-filed Petitions for *Inter Partes* review. This Court should deny Defendants' motion because the factors typically considered in a motion to stay, as well as the totality of circumstances, weigh against a stay. First, the late stage of the litigation weighs against a stay: claim construction under the Special Master appointed by the Court has already been conducted (Dkt. 66), fact discovery is set to end April 26, 2024, and a trial date has been set for August 20, 2024.

Second, any purported simplification resulting from a stay at this stage in the case is pure speculation because the PTAB has yet to institute IPR proceedings for any of the patents-in-suits. *See Ancora Techs., Inc. v. TCT Mobile United States, Inc.*, No. SACV 19-2192-GW-ADSx, 2020 U.S. Dist. LEXIS 272813, at *4 (C.D. Cal. Nov. 12, 2020) ("[I]t is this Court's practice to deny motions to stay until after the PTAB has made a decision regarding whether it will actually institute an IPR . . ."). The Court should reject Defendants' invitation to put the cart before the horse.

Finally, due to the last-minute filing of Defendants' pending IPR petitions, a stay will unduly prejudice Bell Semic by delaying enforcement of its patent rights in the middle of discovery with trial already scheduled for this year.

## II. STATEMENT OF FACTS

On November 23, 2022, Bell Semic filed its Original Complaint against NXP USA, Inc., Advantech Co., LTD., Advantech Corporation, Arrow Electronics, Inc., and Avnet, Inc., alleging that Defendants infringed U.S. Patent Nos. 7,345,245, 7,535,330, and 7,646,091 (the "patents-in-suit"). (Dkt. 1.)

1. Defendants NXP, Arrow Electronics, and Avnet filed their Answers to Bell
2. Semic's Complaint on January 20, 2023, (Dkt. 30, 32, 34) and Defendants
3. Advantech Co., LTD. and Advantech Corporation filed their Answer t on February
4. 22, 2023. (Dkt. 47.)   Bell Semic answered Defendants NXP's, Arrow
5. Electronics's, and Avnet's Counterclaims on February 10, 2023 (Dkt. 44–46) and
6. answered the Advantech Defendants' Counterclaims on March 15, 2023. (Dkt.
7. 54.)
8.      On March 22, 2023, the Court entered the Scheduling Order for this case and
9. set deadlines including Fact Discovery Cut-Off for April 26, 2024, Motion Cut-Off
10. on June 1, 2024, Final Pretrial Conference on July 22, 2024, and Trial set for
11. August 20, 2024. (Dkt. 56.)
12.      On March 31, 2023, the parties submitted a Joint Request to Appoint a
13. Special Master with the authority to conduct a *Markman* claim construction
14. hearing, to enter orders resolving claim construction disputes, and enter any other
15. orders necessary for the prompt and efficient conduct of claim construction
16. proceedings. (Dkt. 60.)   On April 4, 2023, the Court appointed David Keyzer as
17. Special Master. (Dkt. 61.)
18.      The parties filed their respective Claim Construction briefs in September
19. 2023 (Dkt. 78, 80, 82), and On October 10, 2023, Special Master Keyzer
20. conducted the *Markman* hearing. (Dkt. 86.)  Six days later, on October 16, 2023,
21. Special Master Keyzer issued his Report and Recommendation on Claim
22. Construction. (Dkt. 88.)  Bell Semic and Defendants both filed their Objections to
23. the Special Master's Report and Recommendation. (Dkt. 89–90.)
24.      Furthermore, the parties have conducted ample discovery.  On February 24,
25. 2023, NXP served its first set of Requests for Production and its first set of
26. Interrogatories.  Bell Semic served its Responses on March 27, 2023.  Bell Semic
27. served its first set of Requests for Production and its first set of Interrogatories to
28. Defendants on November 10, 2023, weeks prior to Defendants filing their motion

1   to stay.  Avnet and NXP both Responded on December 11, 2023, followed by
2   Advantech's Response on December 26, 2023.
3        Finally, on November 24, 2023, Defendants filed their Motion to Stay
4   Pending *Inter Partes* Review.
5   **III.   LEGAL STANDARDS**
6        "Courts have inherent power to manage their dockets and stay proceedings,
7   including the authority to order a stay pending conclusion of a PTO
8   reexamination." *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir.
9   1988) (citations omitted).  "To be sure, a court is under no obligation to delay its
10  own proceedings by yielding to ongoing PTAB patent reexaminations—even if the
11  reexaminations are relevant to the infringement claims before the Court." *See*
12  *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. 14-1575, 2014 U.S. Dist.
13  LEXIS 92792, at *9 (N.D. Cal. July 3, 2014); *see also Viskase Corp. v. Am. Nat'l*
14  *Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).
15       To determine whether to stay a case pending reexamination or *inter partes*
16  review, courts in this District typically consider three factors: "(1) whether
17  discovery is complete and whether a trial date has been set; (2) whether a stay will
18  simplify the issues in question and trial of the case; and (3) whether a stay would
19  unduly prejudice or present a clear tactical disadvantage to the nonmoving party."
20  *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028,
21  1030–31 (C.D. Cal. 2013).  The three factors "are not exhaustive, however, as the
22  decision whether to order a stay must be based on the totality of the
23  circumstances." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 16-
24  00300, 2016 U.S. Dist. LEXIS 186795, at *4 (C.D. Cal. Nov. 17, 2016) (citing
25  *Universal Elecs., Inc.*, 943 F. Supp. 2d at 1030-31).  Here, both the totality of the
26  circumstances and each individual factor favor Bell Semic.
27       Moreover, it is standard practice for the courts in this District "to deny
28  motions to stay until after the PTAB has made a decision regarding whether it will

actually institute an IPR . . ." *Ancora*, 2020 U.S. Dist. LEXIS 272813, at *4; *see also Polaris Innovations*, 2016 U.S. Dist. LEXIS 186795, at *5 ("any simplification as a result of PTAB proceedings is inherently speculative'"). Here, Defendants have merely filed IPR petitions, and nothing has been instituted by the PTAB.

## IV. ARGUMENT

### A. The Factors Typically Considered Weigh Against a Stay

#### 1. The Stage of Litigation Weighs Against a Stay

Defendants incorrectly argue that the stage of the litigation weighs in favor of a stay because very little discovery has been conducted. (Dkt. 91-1, at 6.) To support this position, Defendants cite to several cases from this District and from neighboring districts where courts have referenced how much or how little discovery has occurred. However, these cases are readily distinguishable from the facts at bar, where no IPR petition has been instituted.

First, in *TeleSign*, the motion to stay was requested *after* the PTAB instituted the IPR. *See TeleSign Corp. v. Twilio,Inc.,* Nos. 15-cv-3240-PSG (SSx), 16-cv-2106-PSG (SSx), 2017 WL 11517650 at *3 (C.D. Cal. May 16, 2017). Similarly, in *CAO Lighting*, wherein two different IPRs were applied for, one IPR had already been instituted. *See CAO Lighting, Inc. v Signify N. Am. Corp.*, No. CV 21-08972-AB (SP), 2022 WL 20563918, at *2 (C.D. Cal. Dec. 21, 2022). Therefore, in both cases, an IPR had already been instituted before the motions to stay were granted. Here, there are three IPR petitions, but not one of them has been instituted by the PTAB.

Moreover, the amount of discovery conducted versus that remaining is only part of this factor's analysis. Courts in this district also consider whether a schedule is in place, whether claim construction has been conducted, and whether a trial date is set. *See Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1032 (C.D. Cal. 2013). Defendants ignore all of that. Here,

1  a schedule is in place, a trial date has been set, and the parties have undergone
2  claim construction.  Each of these considerations weighs against a stay as trial
3  approaches in approximately 7 months.
4      For these reasons, this Court should find that this factor weighs in favor of
5  denying Defendants' motion to stay, or at least find this factor to be neutral.

### 2. The Requested Stay Will Not Simplify Issues for Trial

7      Courts in this District have repeatedly denied motions to stay pending *inter*
8  *partes* review when actual IPR proceedings have not been instituted.  *See, e.g.,*
9  *Ancora*, 2020 U.S. Dist. LEXIS 272813, at *4; *Polaris Innovations*, 2016 U.S.
10 Dist. LEXIS 186795, at *5-6.  This case is no different.  This Court's usual
11 practice of denying motions to stay the case when the PTAB has not decided
12 whether or not to institute an IPR arises from the fact that "the 'stay of a patent
13 infringement action is not warranted when based on nothing more than the fact that
14 a petition for *inter partes* review was filed" because any such purported
15 simplification "is inherently speculative."  *Polaris Innovations*, 2016 U.S. Dist.
16 LEXIS 186795, at *5 (citations omitted).
17     As stated above, courts in this District have repeatedly denied motions to
18 stay pending IPR when the PTAB has yet to institute.  *See, e.g., Ancora*, 2020 U.S.
19 Dist. LEXIS 272813, at *4; *Polaris Innovations*, 2016 U.S. Dist. LEXIS 186795, at
20 *5-6. In addition to the inherent speculation of whether the PTAB will institute the
21 IPR, courts are also concerned that "if litigation were stayed every time a claim in
22 suit undergoes reexamination, federal infringement actions would be dogged by
23 fits and starts.  Federal court calendars should not be hijacked in this manner."
24 *Polaris Innovations*, 2016 U.S. Dist. LEXIS 186795, at *5-6 (citing *Comcast*
25 *Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 U.S.
26 Dist. LEXIS 28994, at *4-5 (N.D. Cal. Apr. 5, 2007).  IPR proceedings are no
27 different.
28     Furthermore, the three IPRs will not be decided until at least 18 months from

1 their filing date, which would not be until July 2025 at the earliest.  With trial
2 already set for August 2024, Defendants are asking the Court to stay this case for
3 almost a year—if not more.  Moreover, should the PTAB find all challenged
4 claims valid, this case would have been stayed for over one and a half years just to
5 be back in the same place where it left off.  This is the exact type of "fits and
6 starts" that the court in *Polaris* cautioned against.  *See Polaris Innovations*, 2016
7 U.S. Dist. LEXIS 186795, at *5 (citations omitted).

       Defendants cite to cases such as *Speir Techs. Ltd. v. Apple, Inc*., and *Document Security Systems, Inc. v. Nichia Corp.*, to argue that it is common for Courts in this District to grant a stay pending IPR even when the PTAB has not yet issued a decision on institution[1].  (Dkt. 91-1 at 13).  Defendants are incorrect, both *Speir* and *Document Sec. Sys*. are readily distinguishable from this case.  In *Speir*, an IPR for one of the four patents-in-suit had already been instituted before the stay was granted.  *Speir Techs. Ltd. v. Apple, Inc*., No. 5:23-cv-00095-EJD, 2023 WL 2714931, at *2 (N.D. Cal. Mar. 30, 2023).  In *Document Sec. Sys.*, the scheduling order had set trial for November 2, 2021 and the PTAB's final written decision was expected on or around November, 18, 2021, a mere 16 days behind the trial date as opposed to this case where trial is set for August 2024 and the PTAB's final decision is not expected until at least July, 2025.  *Document Security Systems, Inc. v. Nichia Corp*., No. CV 19-08172 JVS (JEMx), 2020 WL 4529613 at *4 (C.D. Cal. June 15, 2020).

       This case is much more analogous to *Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc*., wherein the CDCA found that "the timing of the request for review—eleven months after the parties and the Court set dates for this action—

---

[1] While Defendants cite to *Universal Elecs*., 943 F. Supp.2d at 1033 to support their argument that a stay is proper, the court in *Universal Elecs*. ultimately denied the motion to stay.

PLAINTIFF'S OPPOSITION TO         CASE NO. 8:22-CV-2133-HDV (ADSX)
DEFENDANTS' MOTION TO STAY        6

and ***the fact that IPR has not yet been instituted both strongly suggest that a stay should not be granted.***" *Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc.*, No. SA CV 18-2043-DOC (ADSx), 2020 U.S. Dist. LEXIS 80901, 2020 WL 2084674, at *2 (C.D. Cal. Jan. 13, 2020). Therefore, as in *Ellison,* 2020 U.S. Dist. LEXIS 80901, at *2, and in *Universal Elecs.*, 943 F. Supp. at 1031, Defendants here have delayed filing IPR petitions until almost a year after being served with the Complaint. Furthermore, the IPR petitions have not been acted on yet by the PTAB on the question of whether or not to institute. These details matter in deciding whether to grant a stay pending IPR and favor denying the stay request.

Accordingly, because not one of the petitions for IPR has been granted, any purported simplification is pure conjecture and thus, this factor favors Bell Semic's position that the requested stay should be denied.

### 3. A Stay Would Unduly Prejudice Bell Semic

A stay of this case pending the IPRs would unduly prejudice Bell Semic while conferring a concrete tactical advantage on Defendants. In analyzing this factor, courts consider four sub-factors: (1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties. *Telesign Corp. v. Twilio, Inc.*, No. CV 15-3240-PSG(SSx) 2017 U.S. Dist. LEXIS 229022, at *13 (C.D. Cal. May 16, 2017), citing *e.Digital Corp. v. Dropcam, Inc.*, No. 14-cv-04922-JST, 2016 U.S. Dist. LEXIS 20609, at *4 (N.D. Cal. Feb. 18, 2016) (quoting *Cypress Semiconductor Corp. v. GSI Tech, Inc.*, No. CV 13-2013 JST, 2014 U.S. Dist. LEXIS 142858, at *3 (N.D. Cal. Oct. 7, 2014)).

Despite Defendants' contentions, the timing related sub-factors weigh towards a finding of undue prejudice against Bell Semic. Defendants cite to *Speir*, 2023 U.S. Dist. LEXIS 55570, at *2, to try to support their argument that their last-minute sequentially-filed IPR petitions are somehow not prejudicial to Bell Semic. However, this Court has specifically highlighted instances where defendants

waited nearly a full year from being served with the complaint to petition for IPR in denying other motions to stay. *See Ellison Educ.*, No. SA CV 18-2043-DOC (ADSx), 2020 U.S. Dist. LEXIS 80901, at *2 (C.D. Cal. Jan. 13, 2020) (emphasizing that defendants delayed filing their petition for IPR for roughly nine months after the scheduling conference and that the PTAB had not decided whether to institute IPR); *Universal Elecs.*, 943 F. Supp. 2d at 1031 (faulting defendant for failing to file its IPR petitions until almost a year after being served with the complaint and recognizing that the IPR petitions had not yet been granted or denied).

The timing of when IPR petitions are filed indisputably does have a prejudicial effect on the patent holder. Here, in circumstances such as in *Universal Elecs.*, "where the defendant filed for petition nearly a year later because written discovery had been exchanged, a [*Markman*] hearing had been held, a claim construction order had been entered, and a trial date had been set," denial of the motion to stay is proper. *See Evolutionary Intelligence, LLC v. Millenial Media, Inc*. No. 5:13-CV-04206-EJD, 2014 U.S. Dist. LEXIS 81090, at *16 (N.D.Cal. June 11, 2014), citing *Universal Elecs.*, 943 F. Supp. 2d 1028, 2013 WL 1876459, at *2 (C.D. Cal. 2013).

Accordingly, due to Defendants delayed IPR petitions, Bell Semic would be unduly prejudiced by a stay, and the Court should find this factor weighs against a stay.

### B.     The Totality of Circumstances Weigh Against a Stay

"The three-factor analysis just discussed, while important, does not capture every relevant consideration . . . Another consideration is the Court's ability to control its docket to ensure that cases are managed in the interest of justice." *Universal Elecs.*, 943 F. Supp. 2d at 1034. Courts have expressed concern that "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court

1  calendars should not be hijacked in this manner." *Id.* (citing *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007)).

Here, considering the last minute IPR petitions, the fact that the PTAB has not yet instituted any of the three IPRs, and the considerable work by both parties in conducting claim construction under a Special Master, this Court should find that the totality of the circumstances weighs against a stay.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: January 4, 2024

By: */s/ Alex Chan*
Alex Chan (SBN 278805)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
16219 Flamstead Drive
Hacienda Heights, CA 91745
Telephone: (646) 331-0604
Facsimile: (302) 353-4251

Paul Richter (admitted *pro hac vice*)
prichter@devlinlawfirm.com
Christopher Clayton (admitted *pro hac vice*)
cclayton@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Bell Semiconductor, LLC*