David Yang (SBN 246132)
dyang@hycounsel.com
HAWKINSON YANG LLP
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
Tel: (213) 634-0370
Fax: (213) 260-9305
*Counsel for Defendants and
Counterclaimants NXP USA, Inc.;
Arrow Electronics, Inc; and
Avnet, Inc.*

*Additional counsel for Defendants listed in signature block*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL SEMICONDUCTOR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NXP USA, INC; ADVANTECH CO., LTD.; ADVANTECH CORPORATION; ARROW ELECTRONICS, INC; AND AVNET, INC.,<br><br>Defendants. | Case No. 8:22-cv-2133-HDV-ADS<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES REVIEW***<br><br>Date:      January 25, 2024<br>Time:     10:00 am<br>Courtroom: 5B<br>Judge:    Hon. Hernán D. Vera |

## I. ARGUMENT

### A. The Factors Typically Considered Weigh in Favor of a Stay

Defendants NXP USA, Inc. ("NXP"), Advantech Co., Ltd., Advantech Corp. (collectively, "Advantech"), Arrow Electronics, Inc. ("Arrow"), and Avnet, Inc. ("Avnet") (collectively, "Defendants") file this Reply Memorandum in Support of Defendants' Motion to Stay Pending *Inter Partes Review*.

#### 1. The Stage of Litigation Weighs in Favor of a Stay

This case is in its infancy, contrary to Bell Semiconductor LLC's ("Plaintiff") attempt to characterize it as being in a "late stage." Plaintiff argues that a stay is unwarranted because a schedule is in place and a trial date is set. [Plaintiff Bell Semiconductor, LLC's Opposition to Defendants' Motion to Stay Pending *Inter Partes Review* ("Opp. Br."), Dkt. 92, at 4-5]. What Plaintiff fails to state is that (1) it has not prosecuted this case; (2) practically zero fact discovery has been conducted; and (3) no expert report or discovery has taken place.

Plaintiff cannot now argue the litigation is in a "late stage" just because time has passed since it filed the complaint, while ignoring the fact that it has not advanced the case at all. Plaintiff did not serve its first written discovery on Defendants until after the three IPR petitions were filed—almost an entire year after filing its complaint.[1] Plaintiff has only produced a small number of documents, no depositions have been noticed or taken, and third-party discovery has not been addressed. The vast majority of fact discovery in this case lies ahead. *CAO Lighting, Inc. v Signify N. Am. Corp.*, No. CV 21-08972-AB (SP), 2022 WL 20563918, at *2 (C.D. Cal. December 21, 2022) ("Ultimately, courts in this District typically grant stays where 'there is more work to be done ahead of the parties and the Court than behind'"). Further, no expert reports have been exchanged and no expert discovery

---

[1] Plaintiff filed the Complaint on November 23, 2022 [Dkt. 1] but did not serve discovery until November 10, 2023.

has taken place. Despite the duration of this case, the proceedings to date do not place the parties on the cusp of trial and accordingly this factor supports a stay. *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 16-00300-CJC(RAOx), 2017 WL 8220599, at *2 (C.D. Cal. June 27, 2017) ("*Polaris II*").

Because this case is in its infancy, regardless of how long it has pended, this factor weighs in favor of a stay.

### 2. The Requested Stay Will Simplify Issues for Trial

Plaintiff relies on *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 16-00300-CJC(RAOx), 2016 U.S. Dist. LEXIS 186795 (C.D. Cal. Nov. 17, 2016) ("*Polaris I*") to support its position that a stay in this case will not simplify issues for trial. [Opp. Br., at 5]. Specifically, Plaintiff argues that it is too speculative to suppose that the IPRs will simplify issues for trial because the IPRs have yet to be instituted. [*Id.*] Plaintiff's reliance on *Polaris I* is misplaced. For one, Plaintiff fails to inform the Court that the *Polaris I* court ultimately did grant a stay upon a renewed motion. *Polaris II* at *1. But more importantly, the IPR petitions filed by NXP will indeed greatly simplify issues for trial because they encompass every asserted claim of every asserted patent in this case. [*See*, Dkt. 91-1, p. 1]. That is, the IPR petitions are potentially dispositive of the entire case.

Staying a litigation pending IPR proceedings is appropriate where "the outcome of the reexamination [or IPR] would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1032 (C.D. Cal. 2013). "The standard is **simplification** of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) (emphasis added). If

even one claim of one asserted patent is found invalid, there will be simplification of a trial.

A stay in this case, involving complex semiconductor packaging and manufacturing technology and where Plaintiff has accused over 50 products of infringement, has the potential to eliminate and streamline issues for trial. By allowing the PTAB to address the validity of the asserted claims first, the Court will avoid sending this matter to a jury, which will be challenged to absorb and rationally decide issues involving such complex technology. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019).

Because the PTAB is better positioned to resolve a significant number of issues and simplify a trial, this factor weighs in favor of a stay.

### 3. A Stay Would Not Unduly Prejudice Plaintiff

Plaintiff is simply incorrect that a stay of this case would be unduly prejudicial. [Opp. Br., at 7]. Plaintiff has failed to identify any concrete prejudice or tactical disadvantage it would face if this case were stayed. It only alleges injury from delay, [Opp. Br., at 7-8], but that claim rings hollow.

Plaintiff is an admitted non-practicing entity that does not compete with any of the Defendants, and does not compete in the marketplace at all. [*See* Dkt. 91-1, at 16]. As has been held multiple times in this Court, a party in the position of this plaintiff can be adequately compensated by money damages. *Polaris II*, at *3, citing *Limestone v. Micron Tech.*, No. SACV150278DOCRNBX, 2016 WL 3598109, at *5 (C.D. Cal. Jan. 12, 2016) ("[B]ecause Limestone is a non-practicing entity, the Court finds that any damages it may ultimately prove will likely be compensable."); *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*, No. CV 14-00471 SJO PJWX, 2014 WL 4638170, at *7 (C.D. Cal. May 8, 2014) ("Plaintiff is a patent licensing company and does not compete directly with Defendants, so monetary damages will sufficiently compensate Plaintiff for any delay caused by a stay."). Indeed, monetary

compensation is Plaintiff's very purpose for bringing this lawsuit – a mere delay in collecting money does not constitute prejudice or tactical disadvantage.

In seeking to avoid a stay, Plaintiff tries to suggest that NXP somehow "delayed" filing its IPR petitions. [Dkt. 92, at 7-8]. On the contrary, all three petitions were filed within the statutory time limit[2] and only about three weeks after the special master issued his report and recommendation regarding claim construction.[3] Plaintiff errs in contending that NXP's timely filings are somehow dilatory, particularly in view of the complex and wide-ranging nature of the patents-in-suit and the comprehensive nature of the IPR petitions. *See, e.g., Speir Techs. Ltd. V. Apple, Inc.*, No. 5:23-cv-00095-EJD, 2023 WL 2714931, at *2 (N.D. Cal. Mar. 30, 2023) ("Although [plaintiff] makes much ado about [defendant's] sequentially filed IPR petitions close to the filing deadline, close filings are still timely filings."); *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13–cv–4206, 2014 WL 2738501, at *5 (N.D. Cal. June 11, 2014) ("*Evolutionary Intelligence I*") (finding no undue prejudice where "petitioners properly filed IPR petitions in accordance within the statutorily mandated deadline before the infringement actions made any significant progress"). Plaintiff has shown no prejudice, much less **undue** prejudice as the law requires. *Universal Electronics, Inc.*, 943 F. Supp.2d at 1030-31.

Accordingly, this factor weighs in favor of a stay.

**B.    The Totality of Circumstances Weighs in Favor of a Stay**

Lastly, Plaintiff argues that the totality of the circumstances weighs against a stay because a stay would hijack the Court's calendar. [Opp. Br., at 8-9]. This motion, however, is made in an effort to conserve the resources of the Court and streamline any potential trial, while also conserving the resources of the parties.

---

[2] 35 U.S.C. § 315(b).
[3] R&R, dated October 16, 2023 [Dkt. 88], as compared to IPRs filed November 7 & 9, 2023.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY    4    Case No. 8:22-CV-02133-HDV-ADS

Allowing the subject matter experts at the PTAB to handle the claim construction and validity of all the asserted claims, before the Court needs to devote resources, is the most efficient path for the Court and any potential jury.

Because all three of the factors considered by the Court weigh in favor of a stay, the totality of the circumstances does so also.

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this action pending the outcome of Inter Partes Reviews Nos. IPR2021-00966, IPR2021-00967, and IPR2021-00180, including any appeals to the Court of Appeals for the Federal Circuit.

| | |
|---|---|
| Dated: January 11, 2024 | Respectfully submitted, |
| | /s/ *Michael Chibib* |
| | Michael Chibib (admitted *pro hac vice*) |
| | michael.chibib@bracewell.com |
| | Conor M. Civins (admitted *pro hac vice*) |
| | conor.civins@bracewell.com |
| | Bracewell LLP |
| | 111 Congress Avenue, Suite 2300 |
| | Austin, TX 78701 |
| | Tel: (512) 472-7800 |
| | Fax: (800) 404-3970 |
| | |
| | David Yang (SBN 246132) |
| | HAWKINSON YANG LLP |
| | 1801 Century Park East, Ste. 2400 |
| | Los Angeles, CA 90067 |
| | Tel: (213) 634-0370 |
| | Fax: (213) 260-9305 |
| | |
| | *Counsel for Defendants and Counterclaimants NXP USA, Inc.; Arrow Electronics, Inc; and Avnet, Inc.* |
| | |
| | /s/ *Jonathan P. Hersey* |
| | Jonathan P. Hersey (SBN 189240) |
| | Jonathan.hersey@klgates.com |
| | Jay Chiu (SBN 205385) |
| | jay.chiu@klgates.com |
| | K&L GATES LLP |
| | 1 Park Plaza, Twelfth Floor |
| | Irvine, CA 92614 |
| | Phone: +1.949.253.0900 |
| | Fax: +1.949.253.0902 |
| | |
| | *Counsel for Defendants and Counterclaimants Advantech Co. Ltd. and Advantech Corporation* |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY   6   Case No. 8:22-CV-02133-HDV-ADS

**STATEMENT OF ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ David Yang
David Yang

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants and Counterclaimants NXP USA, Inc.; Arrow Electronics, Inc; and Avnet, Inc., certifies that this brief contains 1,408 words, which complies with the word limit of L.R. 11-6.1.

/s/ David Yang
David Yang

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was filed on January 11, 2024, with the U.S. Central District of California by using the CM/ECF system, causing electronic service upon all counsel of record.

/s/ David Yang
David Yang