UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 8:22-cv-02133-HDV-ADS | Date | February 12, 2024 |
|---|---|---|---|
| Title | Bell Semiconductor, LLC v. NXP USA, Inc., et al. | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW [91]**

Plaintiff Bell Semiconductor, LLC filed its Complaint [Dkt. No. 1] on November 23, 2022 asserting seven counts of patent infringement relating to semiconductor packaging and manufacturing technology. Before the Court is a Motion to Stay Pending *Inter Partes* Review (the "Motion") [Dkt. No. 91] brought by Defendants NXP USA, Inc. ("NXP"), Advantech Co., Ltd., Advantech Corporation, Arrow Electronics, Inc., and Avnet, Inc. (collectively, "Defendants"). Defendants ask this Court to stay the case pending resolution of the petitions for *inter partes* review NXP filed before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office.

For the reasons discussed below, the Motion is granted.

**I.   DISCUSSION**

The Leahy-Smith America Invents Act authorizes the review of existing patents through an *inter partes* review ("IPR") procedure, by which anyone who is not the patent owner may petition the PTAB to amend or cancel a patent. *See* 35 U.S.C. §§ 311 *et seq*. NXP has filed with the PTAB challenges to all patents underlying Plaintiff's claims in this case. *See* Motion at 2. Defendants argue staying this case while the IPR procedure runs its course would conserve judicial resources and has the potential to simplify or even eliminate the issues in this case. *Id*.

"A district court has the inherent power to stay its proceedings. The power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. Walt Disney*

*Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay pending *inter partes* review proceedings, courts in this District consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). The Court finds the factors and the totality of the circumstances in this case favor granting a stay until completion of the *inter partes* review.

### 1. Stage of Litigation

Although a trial date of August 20, 2024 has been set, discovery remains in its infancy. Some fact discovery has occurred, but the bulk of discovery lies ahead. *See Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014) ("The court recognizes that Evolutionary may have spent some time and resources at this stage, but the bulk of the time and expenses lie ahead."). The parties have conducted no depositions, third-party discovery, or expert discovery. Motion at 7. Moreover, Plaintiff filed the Complaint on November 23, 2022, but did not serve any discovery until November 10, 2023—immediately after NXP filed the final IPR petition and shortly before Defendant filed this Motion. *Id*. at 6-7. On these facts, the Court finds the stage of proceedings supports the issuance of a stay.

### 2. Simplification of Issues for Trial

Under the second factor, courts consider the degree to which the IPR could simplify the case. Because the IPR petitions filed by NXP encompass every asserted claim of every asserted patent in this case (comprising 14 patent claims based on three patents allegedly used in over 50 of Defendants' products), IPR proceedings could dramatically simplify the case and are potentially dispositive of the entire action. *Universal Elecs.*, 943 F. Supp. 2d at 1032 (finding the fact that this factor weighed in favor of a stay was "particularly true when a party has requested PTO review of each of the patents-in-suit, which Defendant has effectively done by requesting review of the three patents that survived the Markman hearing").

The Court recognizes that "the fact that the petitions have not yet been granted or denied makes it more difficult to predict whether the issues are likely to be simplified." *Id*. at 1033. But "courts in this District have adopted the majority position that even if IPR has not yet been instituted, the simplification factor may still weigh in favor of a stay." *RJ Tech. LLC v. Apple Inc.*, No. 8:22-cv-01874-JVS-JDE, 2023 WL 8188475, at *3 (C.D. Cal. Oct. 4, 2023) (collecting cases). And the Court notes that the stay will be relatively short-lived if an IPR is not instituted. *See, e.g.*, *Game & Tech. Co. v. Riot Games, Inc.*, No. 16-cv-06486-BRO-SK, 2016 WL 9114147, at *3 (C.D. Cal. Nov. 4, 2016) ("The undecided status of the petition clouds the simplification inquiry and makes simplification more speculative. However, if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay."). This factor also weighs in favor of a stay.

### 3. Undue Prejudice

In arguing it will be unduly prejudiced by a stay, Plaintiff points only to NXP's delay in filing the IPRs. Opposition at 7-8. Although the filings were made close to the statutory deadline, they were made within the prescribed time period. *Speir Techs. Ltd. v. Apple, Inc.*, No. 5:23-CV-00095-EJD, 2023 WL 2714931, at *2 (N.D. Cal. Mar. 30, 2023) ("Although [plaintiff] makes much ado about [defendant's] sequentially filed IPR petitions close to the filing deadline, close filings are still timely filings."). The Court finds the timing of these filings, standing alone, to be insufficient evidence of undue prejudice. Nor can Plaintiff rely on the delay inherent in the granting of a stay to show undue prejudice. "Delay[] does not result in undue prejudice unless [Plaintiff] makes a specific showing of prejudice beyond the delay necessarily inherent in any stay," which Plaintiff has not done here. *Speir Techs. Ltd.*, 2023 WL 2714931, at *2 (citation omitted); *see also Universal Elecs.*, 943 F. Supp. 2d at 1034 ("Mere delay in the litigation does not establish undue prejudice.").

And critically, Plaintiff Bell Semiconductor, LLC is a non-practicing entity that does not manufacture or sell products. Thus, because there is no market competition between the parties, Plaintiff cannot claim that losing additional sales during a stay will cause it irreparable harm. This Court agrees with the many courts that have found no undue prejudice under these same circumstances. *See, e.g.*, *RJ Tech.*, 2023 WL 8188475, at *4 (collecting cases). The Court finds that this third factor also supports a stay pending IPR.

## II. CONCLUSION

Based on the foregoing, Defendants' Motion is **granted**. The case is hereby stayed in its entirety pending final resolution of the relevant IPR proceedings, including any appeals. All pending calendar dates are hereby vacated.

Until IPR proceedings have concluded, the parties shall file a joint report apprising the Court of the status of the proceedings every ninety days from today's Order. The parties shall provide notice to the Court no later than seven days after final exhaustion of all relevant review proceedings, including appeals.

**IT IS SO ORDERED.**